**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JEFFREY D. VELOZ,

    *Plaintiff*,

v.

TRANSUNION, LLC.,

    *Defendant*.

Civil Action No. 23-285

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    Plaintiff seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* but **DISMISSES** Plaintiff's Complaint (D.E. 1) ("Compl.") without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

    Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

    When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply

the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997)).

Plaintiff alleges violations of 15 U.S.C. § 1681i(a)(5)(B)(iii)[1] and 15 U.S.C. § 1681i(a)(7) of the Fair Credit Reporting Act ("FCRA").  The FCRA imposes obligations on credit reporting agencies, in addition to furnishers of information to credit reporting agencies, such as banks and lenders.  *Seamans v. Temple Univ.*, 744 F.3d 853, 861 (3d Cir. 2014).  Defendant is a credit reporting agency under the FCRA.  Section 1681i sets forth certain requirements for credit reporting agencies to follow when a consumer disputes the accuracy of the information reported in their file.  *See* 15 U.S.C. § 1681i.  In relevant part, when a consumer notifies an agency directly, or indirectly through a reseller, of any item of disputed information, the agency must "conduct a reasonable reinvestigation" within thirty days of receiving such notice to determine whether the disputed information is inaccurate. 15 U.S.C. § 1681i(a)(1)(A). If the disputed information cannot be verified pursuant to a "reasonable reinvestigation" under § 1681i(a)(1), the consumer reporting agency must delete the disputed information from the consumer's file.  15 U.S.C. § 1681i(a)(5)(A)(i).

In addition, the agency must communicate the results of any reinvestigation to the consumer within five business days of the completion of the reinvestigation.  15 U.S.C. § 1681i(a)(6)(A).  That notice shall be in writing and include, in relevant part, a description of the procedure used to determine the accuracy and completeness of the information and the contact information for any furnishers of information contacted in connection with such information, if reasonably available. 15 U.S.C. § 1681i(a)(6)(B)(iii). Under Section 1681i(a)(7), the information outlined in § 1681i(a)(6)(B)(iii)—*i.e.*, the description of the reinvestigation procedure and the contact information for any furnishers contacted in connection with such information—shall also

---

[1] Based on the facts alleged and the Court's obligation to construe the pleadings liberally, the Court construes the pleadings as alleging violations of both 15 U.S.C. § 1681i(a)(B)(ii) and 15 U.S.C. § 1681i(a)(5)(B)(iii).

be provided to the consumer within fifteen days of the consumer requesting this information from the agency. 15 U.S.C. § 1681i(a)(7).

The FCRA also provides specific requirements for consumer reporting agencies when reinserting information previously deleted pursuant to a reinvestigation. *See* 15 U.S.C. § 1681i(a)(5)(B). In relevant part, the agency must notify the consumer in writing of the reinsertion within five business days. 15 U.S.C. § 1681i(a)(5)(B)(ii). As part of, or in addition to providing such notice, the agency must provide the consumer (i) a statement that the disputed information has been reinserted; (ii) contact information for any furnisher of information contacted, or of any furnisher of information that contacted the consumer reporting agency in connection with the reinsertion of such information; and (iii) a notice that the consumer has the right to add a statement to its file disputing the accuracy or completeness of the disputed information. 15 U.S.C. § 1681i(a)(5)(B)(iii).

Accordingly, to state a claim for failure to notify of reinserted information under Section 1681i(a)(5)(B), the reinserted information must have been disputed by Plaintiff, deleted from Plaintiff's credit file pursuant to a § 1681i(a)(1) reinvestigation, and reinserted into the Plaintiff's credit file without proper notice. *See* 15 U.S.C. § 1681i(a)(1); 15 U.S.C. § 1681i(a)(5)(B). And to state a claim under Section 1681i(a)(7), Plaintiff must allege that the consumer reporting agency conducted a reinvestigation under Section 1681i(a)(1), Plaintiff requested a copy of the results of the reinvestigation, and Defendant failed to provide such results within 15 days of receiving Plaintiff's request. 15 U.S.C. § 1681i(a)(1); 15 U.S.C. § 1681i(a)(7).

Here, Plaintiff alleges that his credit report contains "inaccurate and fraudulent information," and that while Defendant "at first" removed the inaccurate information "from [his] consumer report," Defendant later "reinserted the account onto the consumer report without proper

4

notice" in violation of 15 U.S.C. § 1681i(a)(5)(B)(iii). Compl. at 3. Plaintiff also alleges that Defendant "failed to provide . . . a proper description of the procedure used to determine the accuracy and completeness of the information" in violation of § 1681i(a)(7). *Id.* Plaintiff adds that "[t]hroughout this whole ordeal, [Plaintiff] ha[s] submitted over 31 disputes, via regular mail, certified mail, and through the Consumer Financial Protection Bureau, with no relief," and has "also made over 18 phone calls to the defendant's call center." *Id.*

These allegations fail to adequately state a claim for violations of 15 U.S.C. § 1681i(a)(5)(B) and § 1681i(a)(7). First, the Complaint alleges that the disputed information was deleted from, and reinserted "onto [Plaintiff's] consumer report," but it makes no allegations as to Plaintiff's *credit file*. Compl. at 3. Because "§ 1681i(a)(5)(B) only concerns items deleted from and reinserted into *credit files*," Defendant's duty to notify is not triggered by allegations that are limited to a consumer report. *Hammer v. Equifax Info. Servs., L.L.C.*, 974 F.3d 564, 569 (5th Cir. 2020) (emphases added).[2] In addition, while it is possible that the disputed information was deleted pursuant to a § 1681i(a)(1) reinvestigation (as is required to trigger the § 1681i(a)(5)(B) notice requirements), the Complaint lacks sufficient facts to reasonably draw this inference. For example, the Complaint lacks allegations as to the timing of Plaintiff's complaints (including whether Plaintiff submitted any disputes about the information at issue *prior to* the deletion of such information, and thus prompted a reinvestigation of that information). *See Wimberly v. Experian Info. Sols.*, No. 18-cv-6058, 2021 WL 326972, at *8 (S.D.N.Y. Feb. 1, 2021) (finding that the defendant had no duty to notify the plaintiff under Section 1681i(a)(5)(B) because the

---

[2] In *Hammer*, the plaintiff alleged a failure to provide notice under § 1681i(a)(5)(B)(ii) when information that he disputed was reinserted in his credit report, but because "§ 1681i(a)(5)(B) only concerns items deleted from and reinserted into credit files," the Fifth Circuit held that the defendant had no duty to notify the plaintiff. *Hammer*, 974 F.3d at 569.

5

disputed information had not been deleted from the plaintiff's file pursuant to a reinvestigation; thus, any alleged reinsertion of such information did not trigger the notice requirement). It also lacks allegations as to whom the disputes were submitted to (including whether the consumer notified the agency directly, or indirectly through a reseller, as required to prompt a reinvestigation), and the nature of the complaints (including the type of information disputed, and the basis for disputing such information).[3] Likewise, without sufficient allegations to support the reasonable inference that a reinvestigation was conducted under Section 1681i(a)(1), the Court cannot reasonably infer that Defendant "failed to provide . . . a proper description" of the reinvestigation procedure thereafter, as required under § 1681i(a)(7).[4] Plaintiff, therefore, fails to adequately allege a claim against Defendant under the FCRA, and Plaintiff's Complaint is dismissed under Section 1915(e)(2)(B)(ii).

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Because Plaintiff is

---

[3] Indeed, a claim will fail under § 1681i "if the consumer cannot show that the information in his or her file was inaccurate." *Klotz v. Trans Union, LLC,* 246 F.R.D. 208, 212 (E.D. Pa. 2007) (citing *Cushman v. Trans Union Corp.*, 115 F.3d 200, 226-27 (3d Cir. 1997)).

[4] Because the Court is construing the pleadings liberally, it infers that at least fifteen days passed between Plaintiff requesting the relevant information and Plaintiff's failure to receive such information. *See* 15 U.S.C. § 1681i(a)(7) (requiring an agency to provide the information set forth in 15 U.S.C. § 1681i(6)(B)(iii) within 15 days of receiving a request from the consumer for this information). Nevertheless, if Plaintiff seeks to amend its Complaint, Plaintiff should provide dates (or at least an accurate approximation of dates) as to when it requested such information from the agency, and whether it received such information within a fifteen-day period.

6

proceeding *pro se* and this is the Court's initial screening, the Court will provide Plaintiff with an opportunity to file an amended complaint. The Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty (30) days, this matter will be closed.

For the foregoing reasons and for good cause shown,

**IT IS** on this 27th day of March 2023,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice, with leave to file an amended complaint within thirty (30) days from entry of this Order. If Plaintiff fails to file an Amended Complaint within 30 days of the entry of this Order, this Court will direct the Clerk of the Court to dismiss the Complaint with prejudice.

John Michael Vazquez, U.S.D.J.

7